# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>        Plaintiff,<br><br>    v.<br><br>R. CORTEZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-0393-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF Nos. 7 and 8)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action in Kings County Superior Court on December 23, 2009. (Notice of Removal Ex. A, ECF No. 1.) Defendants were served on or about February 10, 2010. (Id. at 1.) Defendants filed a Notice of Removal on March 5, 2010. (Id.) Plaintiff filed Objections to the Notice of Removal on April 26, 2010 and December 8, 2010. (Mots., ECF Nos. 7 & 8.) Defendants have not filed any opposition to Plaintiff's Objections to the Notice of Removal. Plaintiff's Objections, which appear to be Motions to Remand, are now before the Court.

**I.     REMOVAL TO FEDERAL COURT WAS PROPER**

Plaintiff filed Objections to the Notice of Removal, contending that removal of his state law claims was improper. (Objections, ECF Nos. 7 & 8.) Plaintiff filed his Complaint

in California state court on December 23, 2009. (Notice of Removal at 1, ECF No. 1.) A copy of the Complaint was served on Defendants Cortez, Do Canto, Castro, Hernandez, Murietta, Neri, and Ortega on February 10, 2010. (Id.) Defendants removed the case to federal court on March 5, 2010. (Id.)

The Complaint in this case facially reflects that subject matter jurisdiction exists in federal court because Plaintiff alleges violation of his federal constitutional rights. 28 U.S.C. §§ 1441, 1442. Plaintiff alleges violation of the First and Fourteenth Amendments of the California Constitution, but review of Complaint reveals claims actually brought pursuant to the First and Fourteenth Amendments of the United States Constitution. (Notice of Removal, Ex. A.)

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court. A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff alleges federal constitutional violations in his Complaint. (Notice of Removal Ex. A.) These allegations are brought pursuant to 42 U.S.C. § 1983, even though Plaintiff does not so explicitly state in his Complaint. Thus, subject matter jurisdiction is proper in federal court. Further, Defendants removed the action from state court within 30 days of receiving notice of the filing of this action. 28 U.S.C. § 1446(b). As this case was properly removed to federal court, Plaintiff's Objections to Defendants' Notice of Removal should be denied.

## II.     **FINDINGS AND RECOMMENDATIONS**

Accordingly, the undersigned hereby RECOMMENDS that Plaintiff's Objections to Defendants' Notice of Removal (ECF Nos. 7 & 8.) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen-days of entry of this Order, any party may file written objections with the

Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 25, 2012              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE