UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL GONZALES, | | CASE NO. 1:10-cv-00393-LJO-MJS (PC) |
| | Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON HIS COGNIZABLE CLAIM |
| v. | | |
| R. CORTEZ, et al., | | |
| | Defendants. | (ECF No. 1) |
| | / | PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On December 23, 2009, Plaintiff Michael Gonzales, a state prisoner proceeding pro se, filed a civil claim in the Superior Court of the State of California, County of Kern. (ECF No. 1.) Defendants removed the matter to this Court on the grounds that its claims arise under 42 U.S.C. § 1983. (Id.) Plaintiff's Complaint is now before the Court for screening.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. **SUMMARY OF COMPLAINT**

The Complaint names the following officials at Corcoran State Prison (Corcoran) as Defendants: (1) Cortez; (2) Murrieta; (3) Decanto; (4) V. Neri, Law Librarian; (5) G. Hernandez; (6) R. Ortega; and (7) M. Castro.

Plaintiff alleges the following:

Defendants Decanto, Cortez, Murrietta, J. Fernandez, R. Ortega, and M. Castro medicated Plaintiff's meals with unauthorized anti-psychotics in retaliation against Plaintiff for exercising his First Amendment rights. (Compl. at 5, 6.)  The second watch staff, Cortez, Murrieta, and Decanto, verbally harassed Plaintiff about the medication and his ethnicity in front of inmates with whom Plaintiff had a record of disagreement.  (Id. at 5.)

2

Plaintiff has prescriptions for acid reflux, but Plaintiff's symptoms are inconsistent with either acid reflux itself or the medication provided to treat it. The strong medications being provided are particularly damaging to Plaintiff's health because he has Hepatitis C, which chronically weakens the liver. Plaintiff has repeatedly argued with the Defendants about being involuntarily medicated. (Id. at 6.) In one particular instance, on July 10, 2009, Defendant Cortez told Plaintiff that his meal was drugged in retaliation for filing a claim. Cortez then forced Plaintiff to sign for legal mail that had already been opened. (Id. at 9.) Plaintiff has "some trial transcript of Kings County Superior Court stating that it is possible to medicate [his] meals." (Id. at 5.)

Plaintiff submits library access requests on a weekly basis but Defendant Neri permits Plaintiff to use the library only once every few months. Neri obstructed Plaintiff's access to the courts by stealing legal mail and withholding ordered photo copies. Plaintiff has two pending trials and has tried to file exhibits and motions; Neri returned Plaintiff's filings saying that they were not listed properly. Neri denied Plaintiff access to the library and legal materials in retaliation against Plaintiff for exercising his First Amendment rights. As a result of Neri's interference, Plaintiff has lost particular issues in his cases. (Id. at 7.)

Defendant Cortez and Sergeant Martinez told Correctional Officers Razo and Fernandez to not accept any of Plaintiff's legal mail. Razo and Fernandez complied and refused to mail any of Plaintiff's legal mail. (Id. at 10.)

Plaintiff is an artist who creates items for sale. Defendants Cortez, Fernandez, Ortega, and Castro examined Plaintiff's outgoing mail and stole art destined for sale in galleries. The absence of deposits in Plaintiff's prisoner trust account confirms that his art did not reach the galleries. (Id. at 8.) The Defendants also intercepted Plaintiff's letters

3

to his family and gave them to other inmates. Plaintiff's family then received derogatory letters from unknown prisoners. (Id. at 8, 9.)

On January 23, 2009, Defendant Castro was passing trays through each cell food port slot. As Castro approached Plaintiff's cell, Plaintiff bent down towards the food slot to speak with Castro. Suddenly, Castro intentionally slammed the tray into Plaintiff's mouth, cutting Plaintiff's mouth and breaking his tooth. Castro threatened to strike Plaintiff with a flashlight and cut his eye. Plaintiff asked for medical assistance and Castro ignored him. (Id. at 10.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed

4

misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 678-79.

### B.  Eighth Amendment

#### 1.  Unauthorized Medication

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)) (quotation marks omitted). Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. Hope, 536 U.S. at 737 (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)) (quotation marks omitted). Punitive treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment. Id. at 738 (quotation marks omitted).

Plaintiff alleges that Defendants Decanto, Cortez, Murrietta, J. Fernandez[1], R. Ortega, and M. Castro medicated Plaintiff's meals with unauthorized anti-psychotics for the purpose of causing torment. Plaintiff suffered severe physical and emotional side effects as a result. (Compl. at 5, 6.) Plaintiff may be able to state a cognizable Eighth Amendment claim based on the administration of unnecessary drugs. See Hudson v. Palmer, 468 U.S. 517, 530 (1984) (Inmates have an Eighth Amendment right to be free from "calculated harassment unrelated to prison needs."). The medication allegedly served

---

[1] The pleadings do not clearly identify all the Defendants. J. Fernandez is repeatedly referred to in the factual allegations as a Defendant and responsible for the violation of Plaintiff's rights. However, J. Fernandez is not initially named as a Defendant. Conversely, G. Hernandez is named as a Defendant at the outset of the Complaint, yet not mentioned in the factual allegations. Should Plaintiff choose to amend, he must clearly identify each Defendant and specific facts as to each individual Defendant's conduct that proximately caused a violation of Plaintiff's rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

5

no medical purpose and was instead provided to gratuitously inflict pain on Plaintiff.

However, the Complaint consists of a series of vague and sweeping allegations that do not provide a clear narrative of exactly how each Defendant violated Plaintiff's rights. Plaintiff frequently refers to the Defendants as a group and fails to explain what exactly happened, when, who was responsible, and the basis for Plaintiff's knowledge in those respects. There are also allegations that suggest the medication may be prescribed and necessary, albeit unwanted by Plaintiff. For example, Plaintiff admits that he receives prescription medication for acid reflux and has Hepatitis. The Complaint alleges that the Defendants received at least some of the medication at issue from medical personnel. Finally, Plaintiff refers to state court records "stating that it is possible to medicate my meals." (Compl. at 5.) These unexplained allegations combined with the absence of factual detail leave the Court without a clear understanding of what happened, what reasons were given by prison staff for what happened, why Plaintiff believes those reasons were not true, and which Defendants were responsible for what happened. Thus, Plaintiff has failed to state an Eighth Amendment claim.

The Court will offer an opportunity to amend and cure the deficiencies described above. In order to state a cognizable claim, Plaintiff must allege his facts clearly and plainly, without speculation, and in chronological order. Plaintiff should strive to explain what happened as simply as possible and avoid vague conclusions. He must also describe how each Defendant participated in the alleged violations.

    2.    <u>Excessive Force</u>

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. <u>Wilkins v. Gaddy</u>, ___ U.S. ___, ___,

130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the

7

use of force rather than the resulting injury which ultimately counts. Id. at 1178.

Defendant Castro was allegedly delivering food trays through cell door slots on January 23, 2009. As Castro approached Plaintiff's cell, Plaintiff bent down towards the food slot to speak with Castro. Suddenly, Castro intentionally slammed the tray into Plaintiff's mouth, cutting Plaintiff's mouth and breaking his tooth. Castro threatened to strike Plaintiff with a flashlight and cut his eye. Plaintiff asked for medical assistance and Castro ignored him. (Compl. at 10.)

There is no indication that Castro perceived Plaintiff to be a reasonable threat or made any effort to temper his force. "[T]he absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." Jordan v. Gardner, 986 F.2d 1521, 1528 n. 7 (9th Cir. 1993) (citing Hudson, 503 U.S. at 7.) Plaintiff suffered a laceration and broken tooth. Defendant Castro's subsequent threat to strike Plaintiff and the denial of medical care support Plaintiff's conclusion that Castro intentionally struck Plaintiff. Taking the allegations as true, Plaintiff has sufficiently alleged that Defendant Castro's use of force was excessive. Under the circumstances there is no indication that the force was applied in a good-faith effort to maintain or restore discipline. Instead, the factual allegations support the assertion that Defendant Castro acted maliciously and sadistically to cause harm. Wilkins, 130 S .Ct. at 1178; See, e.g., Dennis v. Huskey, 2008 WL 413772, *4-6 (E.D. Cal. Feb.13, 2008) (Plaintiff provided sufficient factual detail to support the allegation that the Defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.)

**C.     First Amendment**

1. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009). "Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." Silva, 658 F.3d at 1101-02.

The right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U .S. at 356-57. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351.

Plaintiff also has a right to litigate without interference in pursuit of legal redress for claims that have a reasonable basis in law or facts. Silva, 658 F.3d at 1103.

To establish a violation of the right of access to the court, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the

standing doctrine and may not be waived. See Lewis, 518 U.S. at 349 (1996). Claims for denial of access to court may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that can not now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412–415 (2002). The plaintiff must show (1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the litigation; and, in the case of a backward-looking claim, (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 414–15.

The right to litigation assistance is limited to the tools prisoners need "in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355. The right to legal assistance is also limited to the pleading stage. Silva, 658 F.3d at 1102. The right to litigate without interference applies to all civil actions in court that have a reasonable basis in law or fact and extends beyond the pleading stage. Id. at 1102-3 (citations and quotations omitted).

Plaintiff alleges that Defendant Neri violated his First Amendment right to adequate assistance and to be free from interference. However, the supporting factual allegations are vague and conclusory and do not state a claim. Plaintiff alleges that he rarely gains access to the library. To state a cognizable claim he must specifically allege how the denial of access has deprived him of the ability to file and pursue a claim. Plaintiff must clearly identify the forfeited causes of action, the basis therefor, his basis for believing they were meritorious, and how the denial of adequate assistance has caused him actual prejudice. Plaintiff's right to assistance is limited to direct criminal appeals, habeas petitions, and civil rights actions.

Plaintiff's interference claim is also impermissibly vague. Defendant Neri allegedly obstructed Plaintiff's efforts to litigate by stealing legal mail, withholding ordered photo copies, and returning proposed filings as improperly listed. However, he does not describe what legal documents were stolen or interfered with; how their absence caused Plaintiff's defeat; or what non-frivolous or arguable claims and remedies were so lost as to no longer be available.[2] Plaintiff does not allege sufficient facts to enable the court to determine whether he has suffered such an actual injury and, if so, in what way.

The Court will grant Plaintiff an opportunity to amend. In order to state a claim, Plaintiff must clearly allege, in a series of specific chronological facts without speculation, how Defendant Neri failed to provide adequate assistance and interfered with Plaintiff's efforts to litigate. Both claims require an actual injury. Plaintiff must clearly identify the nature of his cases and what non-frivolous claims were lost.

2.     Outgoing Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989)

---

[2] See Christopher, 536 U.S. at 415, 417 (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued."); see also Avalos v. Baca, 596 F.3d 583, 591 n. 8 (9th Cir. 2010).

11

only as test relates to incoming mail - Turner test applies to incoming mail); Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (Procunier applies to censorship of outgoing mail).

Plaintiff alleges that he was denied the ability to send outgoing personal and legal correspondence for an unspecified period of time. The inability to send mail is attributed to Defendants Cortez, Fernandez, Ortega, and Castro.

The intentional censorship of an inmate's outgoing mail not in furtherance of an important or substantial government interest violates the First Amendment. See Barrett, 544 F.3d at 1062. However, as discussed above, Plaintiff's claims are conclusory and unsupported with factual detail. The Complaint fails to state a claim based on the obstruction of outgoing mail.

Plaintiff may be able to state a cognizable claim for the disruption of his outgoing mail, but he must first provide the Court with sufficient facts in support of his conclusion. Iqbal, 556 U.S. at 678. Any amended complaint must contain enough factual allegations to raise Plaintiff's claims beyond the speculative level. Should Plaintiff choose to amend, he must explain in reasonable detail how each Defendant violated his rights.

### D.     Due Process

Next, Plaintiff alleges Defendants Cortez, Fernandez, Ortega, and Castro stole Plaintiff's art, which was intended for sale in galleries. The absence of deposits in Plaintiff's prisoner trust account confirms that his art did not reach the galleries. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan

12

v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the wrongful confiscation of his personal property in contravention of prison regulations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

No facts alleged indicate that Plaintiff's art was intercepted as a result of an authorized, intentional deprivation. In fact, Plaintiff does not adequately allege how he knows the named Defendants are responsible. The fact that art galleries have not made deposits into his prisoner trust account, alone, is not sufficient to support the conclusion that his art was stolen or that the Defendants are responsible. The court will grant Plaintiff leave to amend. In order to state a claim, Plaintiff must set forth facts showing what happened to his property and how this violated his due process rights in light of the standards articulated above.

### E.    Retaliation

Plaintiff makes repeated reference throughout the Complaint to retaliation in violation of his First Amendment rights. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.

1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff specifically identifies only one instance of retaliation in the Complaint, where Defendant Cortez allegedly told Plaintiff that his meal had been medicated in retaliation for Plaintiff having exercised his First Amendment rights. However, as discussed above, the circumstances relating to Plaintiff's medication are not clear. Aside from the one instance with Defendant Cortez, Plaintiff generally alleges, without providing specific detail, that everything the Defendants did was retaliatory. Plaintiff's allegations are not sufficient to state a retaliation claim.

The Court will grant an opportunity to amend. In order to state a claim, Plaintiff must allege specific facts demonstrating that a Defendant took an adverse act because of Plaintiff's First Amendment activity. Plaintiff's protected conduct must have been a "'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). The adverse action must not have reasonably advanced a legitimate correctional goal. To state a claim based on medicated meals, Plaintiff must clearly demonstrate that the medication was actually unauthorized and not simply unwanted.

**V.    CONCLUSION**

14

Plaintiff's Complaint states a claim against Defendant Castro for the violation of Plaintiff's rights under the Eighth Amendment, but does not state a claim against any of the remaining Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his cognizable claim, Plaintiff may so notify the Court in writing, and the Court will recommend that his other claims be dismissed. Plaintiff will then be provided with a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Castro.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, OR

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his cognizable claim; and

3. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  December 21, 2012          /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE