1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL GONZALES,

    Plaintiff,

 v.

R. CORTEZ, et al.,

    Defendants.

_____/

CASE NO. 1:10-cv-00393-LJO-MJS (PC)

ORDER GRANTING PLAINTIFF'S MOTION FOR, AND SETTING, SETTLEMENT CONFERENCE

(ECF Nos. 20 and 28)

SEPTEMBER 12, 2013 AT 1:30 P.M.

  Plaintiff Michael Gonzales is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 13, 2013 (ECF No. 20) and July 1, 2013 (ECF No. 28) Plaintiff filed motions to set this case for a settlement conference.  The Court has determined that this case would benefit from a settlement conference.  Therefore, this case will be referred to Magistrate Judge Jennifer L. Thurston to conduct a settlement conference at Kern Valley State Prison, 3000 West Cecil Avenue, Delano, California 93216 on September 12, 2013 at 1:30 p.m.

  In accordance with the above, IT IS HEREBY ORDERED that:

1

1.      Plaintiff's motions to set this case for a settlement conference are granted;

2.      This case is set for a settlement conference before Magistrate Judge Jennifer L. Thurston on September 12, 2013 at 1:30 p.m., at Kern Valley State Prison, 3000 West Cecil Avenue, Delano, California 93216;

3.      A representative with full and unlimited authority to negotiate and enter into a binding settlement on Defendant's behalf shall attend in person.[1]

4.      Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

5.      At least 21 days before the settlement conference, Plaintiff SHALL submit to Defendant, by mail, a written itemization of damages and a meaningful settlement demand, which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length.  Thereafter, no later than 14 days before the settlement conference, Defendant SHALL respond, by telephone or in person, with an acceptance of the offer or

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties . . . to participate in mandatory settlement conferences . . . ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("[T]he district court has broad authority to compel participation in mandatory settlement conference.").  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "'unfettered discretion' and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate.  If settlement is achieved, defense counsel is to immediately inform the Courtroom Deputy of Magistrate Judge Thurston.

6.     If settlement is not achieved informally, each party shall provide a confidential settlement statement to Sujean Park, Eastern District of California, ADR Division, 501 I Street, Suite 4-200, Sacramento, California 95814, or via email at spark@caed.uscourts.gov, so they arrive no later than September 5, 2013 and file a Notice of Submission of Confidential Settlement Statement (See Local Rule 270(d)).

Settlement statements should not be filed with the Clerk of the court nor served on any other party.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be no longer than five pages in length, typed or neatly printed, and include the following:

a.     A brief statement of the facts of the case;

b.     A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

c.     A summary of the proceedings to date;

d.     An estimate of the cost and time to be expended for further discovery, pretrial, and trial;

e.     The relief sought;

f.     The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands; and

3

g.     A brief statement of each party's expectations and goals for the settlement conference.

7.     The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at Kern Valley State Prison.


IT IS SO ORDERED.

Dated:   __August 2, 2013__          _____/s/ *Michael J. Seng*_____
                                     UNITED STATES MAGISTRATE JUDGE

4