UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>    v.<br><br>R. CORTEZ, et al.,<br><br>    Defendants. | CASE NO. 1:10-cv-00393-LJO-MJS (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>OCTOBER 11, 2013 AT 1:00 P.M. |

Plaintiff Michael Gonzales is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court has determined this case would benefit from an additional settlement conference.[1]  Therefore, this case will be set for a settlement conference at California State Prison, Corcoran, 4001 King Avenue, Corcoran, California 93212 on October 11, 2013 at 1:00 p.m.

In accordance with the above, IT IS HEREBY ORDERED that:

---

[1] The Court has made this determination based upon the explicit representation that the parties are willing to enter into a settlement agreement roughly equivalent to that which was discussed at the prior settlement conference.  Given this, no representative from the CDCR Office of Legal Affairs need attend the conference **but** this is based upon the Court's understanding that the assigned Deputy Attorney General **will have** full authority to enter into a settlement, upon the terms set forth above, **without further need to consult with legal counsel with the CDCR**.  If the assigned Deputy Attorney General does not have this authority, a representative from the CDCR **SHALL** appear in person at the settlement conference and **SHALL** be prepared to have ready access via telephone to every person in her/his chain of command, up to and including the CDCR's General Counsel, and each of these people within the chain of command, **SHALL** be available by telephone until the conclusion of the conference or the Court otherwise orders.

1. This case is set for a settlement conference before Magistrate Judge Jennifer L. Thurston on October 11, 2013 at 1:00 p.m. at California State Prison, Corcoran, 4001 King Avenue, Corcoran, California 93212.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[2]

3. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at California State Prison, Corcoran via fax (559) 992-6174.

IT IS SO ORDERED.

Dated:   **October 8, 2013**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).