UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. CORTEZ, et al.,<br><br>　　　　Defendants. | CASE No. 1:10-cv-00393-LJO-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO ENFORCE SETTLEMENT AGREEMENT OR REOPEN THE CASE<br><br>(ECF Nos. 70 and 71) |

Plaintiff Michael Gonzales is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 22, 2014, the Court conducted a settlement conference in which the parties agreed to resolve this case in its entirety. (ECF No. 68.) The parties also stipulated to a dismissal of the action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and the case was closed. (ECF No. 66.)

On October 10, 2014 and October 16, 2014, Plaintiff filed motions to enforce terms of the settlement or, in the alternative, reopen the case. (ECF Nos. 70 and 71.) Plaintiff asserts that he was given medical tennis shoes that require a chrono he does not possess; consequently, the shoes may be confiscated in the future. He also contends that the coffee he was issued was subsequently medicated in retaliation for exercising his rights. (Id.)

In this case, the parties filed a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). All of the parties signed the stipulation,

and the dismissal was effective upon filing without a court order.  To the extent that Plaintiff seeks enforcement of the settlement agreement, the court lacks jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).  The stipulation does not contain any further provisions regarding the Court's retention of jurisdiction, and neither "Rule [41(a)(1)(A)(ii)] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation."  Id. at 378.  In this regard, any further enforcement of the settlement agreement is a matter for state court.  Id. at 382.

To the extent that Plaintiff's motions can be construed as requests brought pursuant to Federal Rule of Civil Procedure 60(b)(6), the Ninth Circuit has held that the repudiation or "complete frustration" of a settlement agreement can be grounds to set aside a judgment.  See Keeling v. Sheet Metal Workers Int'l, 937 F.2d 408, 410 (9th Cir. 1991); see also Kokkonen, 511 U.S. at 378 (distinguishing enforcement of a settlement agreement from reopening a dismissed suit because of breach of the agreement that was the basis for dismissal).  Here, however, Plaintiff has not demonstrated the repudiation or "complete frustration" of the settlement agreement.  Plaintiff selected the items included in the settlement himself and had the opportunity to inspect them. Plaintiff has not shown that any circumstances warrant relief here.  If Plaintiff believes his coffee was tampered with in retaliation for exercising his rights, he must pursue that claim in a new and separate action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to enforce the settlement agreement or reopen the case (ECF Nos. 70 and 71) are DENIED.

IT IS SO ORDERED.

Dated:   November 17, 2014            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE